Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Yamali (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*FoxMind Canada Enterprises Ltd.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FOXMIND CANADA ENTERPRISES LTD., <br><br> *Plaintiff,* <br><br> v. <br><br> CHONGQING CASPAR IMPORT & EXPORT TRADE CO., LTD., DECAI SILICONE AND PLASTIC PRODUCTS CO., LTD., DONGGAUN LANXIN RUBBER TECHNOLOGY LIMITED, DONGGUAN DECHUANGFENG SILICONE TECHNOLOGY CO., LTD., DONGGUAN EBONA PET PRODUCTS CO., LTD., DONGGUAN HENGJIA SILICONE PRODUCTS CO., LTD., DONGGUAN HONEY SILICONE GIFT CO., LTD, DONGGUAN JINYI ELECTRONIC TECHNOLOGY CO., LTD., DONGGUAN KAIER ELECTRONIC CO., LTD., DONGGUAN LUCKY GOLDJYX COMPANY LIMITED, DONGGUAN LUXIANG PLASTIC PRODUCTS CO., LTD., DONGGUAN MANHONG JEWELRY CO., LTD., DONGGUAN MEIYU PLASTIC PRODUCTS CO., LTD., DONGGUAN MITO TECHNOLOGY CO., LTD., EVERICH COMMERCE GROUP LIMITED, FOSHAN JUSTIME ELECTRONICS CO., LTD., FREE MARKET CO., LTD, GAOYAO JINDU ZHUOXING SILICONE PRODUCT FACTORY, GLOBAL BRIDGE INDUSTRY CO., LTD., GUANGDONG | **CIVIL ACTION NO. 21-cv-5136 (KPF)** <br><br><br> **CORRECTED PRELIMINARY INJUNCTION ORDER** |

YASHITE INDUSTRIAL CO., LTD., GUANGZHOU BEIYANG TRADING CO., LTD., GUANGZHOU CHENXUAN HOME SUPPLIES CO., LTD., GUSU DISTRICT SULI E-COMMERCE SERVICE DEPARTMENT, HAINING DING SHANG SOCKS FACTORY, HEFEI BANBO E-COMMERCE CO., LTD., HENAN OCEAN POWER HOUSEWARES CO., LTD., HUIZHOU CHINFAI ELECTRONIC CO.LTD., HUIZHOU MEKA TECHNOLOGY CO., LTD., HUIZHOU MELIKEY SILICONE PRODUCT CO., LTD., HUIZHOU YUMING INDUSTRIAL CO., LTD., HUIZHOU YZORA INDUSTRIAL CO., LTD., HUNT TECH (DONGGUAN) COMPANY LIMITED, MAXWELL (SHENZHEN) TECHNOLOGY LTD., NANJING MAOLED INFORMATION TECHNOLOGY CO., LTD., NINGBO BEILUN HAPPYFOAM CRAFT CO., LTD., NINGBO BELDEN INNOVATION TECHNOLOGY CO., LTD, NINGBO CHIEFHAND COMMODITY MANUFACTORY AND TRADING COMPANY, NINGBO GIANT TIGER CO., LTD., NINGBO HAISHU MYTEX TEXTILE CO., LTD., QINGDAO PRETTY INTERNATIONAL TRADE CO., LTD., QUANZHOU JUNGLE WOLF TECHNOLOGY CO., LTD., SHANGHAI BELLASUN TOY CO., LTD., SHANGHAI HIMMERS INDUSTRIAL & TRADING CO., LTD., SHANGRAO ACTEARLIER CO., LTD., SHANTOU CHENGHAI LONGXIANG TOY INDUSTRY CO., LTD., SHANTOU CHENGHAI QILE TRADE CO., LTD., SHANTOU QILONG TOYS CO., LTD., SHENZHEN BELLELIBRE TECHNOLOGY CO., LIMITED, SHENZHEN BLUEBERT ELECTRONIC CO.,LTD., SHENZHEN CHENGYU TECHNOLOGY CO., LTD., SHENZHEN CHENHONG GIFTS CO., LTD., SHENZHEN EFFECT TECHNOLOGY CO., LTD., SHENZHEN FUNTEC CO., LTD, SHENZHEN GATEREDA TECHNOLOGY CO., LTD., SHENZHEN GUIFENG TRADE CO., LTD., SHENZHEN HUIYAO ELECTRIC TECHNOLOGY CO., LTD., SHENZHEN HUIYUNLAI TECHNOLOGY CO., LTD., SHENZHEN HUWANG SILICONE RUBBER PRODUCTS CO., LTD., SHENZHEN JEWELIVES TECHNOLOGY CO., LTD.,

SHENZHEN JINWEI GIFTS CO., LTD., SHENZHEN JIUYOU TECHNOLOGY CO., LTD., SHENZHEN JORPAD TECHNOLOGY CO., LTD., SHENZHEN KAICHUANGTONG E-COMMERCE CO., LTD., SHENZHEN KETAILI TECHNOLOGY CO., LTD., SHENZHEN KING LISA TECHNOLOGY CO., LTD., SHENZHEN KOMIOH TECHNOLOGY CO., LTD., SHENZHEN KONSDA TECHNOLOGY CO., LTD., SHENZHEN LEGENDAY TECHNOLOGY CO., LTD., SHENZHEN MENGLAI ELECTRONIC COMMERCE CO., LTD., SHENZHEN MERRYCOO INDUSTRIAL CO., LTD., SHENZHEN MINA TECHNOLOGY CO., LTD., SHENZHEN MISSYOU TECHNOLOGY CO., LTD., SHENZHEN Q UNCLE TECHNOLOGY CO., LTD., SHENZHEN QIANLE OUTDOOR PRODUCTS CO., LTD., SHENZHEN SMARTIBM INDUSTRY CO., LTD., SHENZHEN SUPDRIVER TECHNOLOGY CO., LTD., SHENZHEN TAIHEXIN SILICONE PRODUCTS CO., LTD., SHENZHEN TENGHUI CROSS BORDER E-COMMERCE CO., LTD., SHENZHEN TIANYA INTERNATIONAL E-COMMERCE CO., LTD., SHENZHEN TUOSHI TECHNOLOGY CO., LTD., SHENZHEN UU FIRST TECHNOLOGY CO., LTD., SHENZHEN VBATTY TECHNOLOGY CO., LTD., SHENZHEN XI XI HA HA MAOYE TECHNOLOGY CO., LTD., SHENZHEN YANUOJIE TECHNOLOGY CO., LTD., SHENZHEN YAYA GIFTS CO., LTD., SHENZHEN YEETCH SUPPLY CO., LTD., SHENZHEN YIYIXING ZIPPER MANUFACTURE CO., LTD., SHENZHEN YUAN FENG XING YE TECHNOLOGY CO., LTD., SHENZHEN ZOHO SILICONE PRODUCTS CO., LTD., SZ GTEAK TECHNOLOGY CO., LIMITED, WENZHOU HIGH AND LONG CO., LTD., WUHAN XINGBO TECHNOLOGY CO., LTD., XIAMEN GOLDCATTLE PLASTIC & METAL PRODUCTS CO., LTD., XIAMEN HINWELL MANUFACTURE AND TRADE CO., LTD., XIAMEN KINGGRAND SILICONE RUBBER PRODUCTS CO., LTD., YIWU CITY JO TOYS CO., LTD., YIWU EASYTOWN IMPORT &

EXPORT COMPANY LIMITED, YIWU ELODIE JEWELRY CO., LTD., YIWU JENNIFER COSMETICS CO., LTD., YIWU JIXU IMPORT AND EXPORT CO., LTD., YIWU JUQI TRADING CO., LTD., YIWU KUNSHENG TRADING CO., LTD., YIWU LVYE E-COMMERCE FIRM, YIWU MODU TRADING CO., LTD., YIWU NUOXIN CRAFT CO., LTD., YIWU QUANFA IMPORT & EXPORT COMPANY LIMITED, YIWU RICH TOYS CO., LTD., YIWU RISHUN ZIPPER CO., LTD., YIWU SHANRUN TRADING CO., LTD., YIWU SHOWYUN IMPORT & EXPORT CO., LTD., ZHEJIANG YINWU CRAFT CO., LTD., ZHONGSHAN CITY HONGFENG CRAFT & ADORNMENT FACTORY and ZHONGSHAN FANGYUAN SILICONE PRODUCTS CO., LTD.,

*Defendants.*

# GLOSSARY

| Term | Definition |
| --- | --- |
| **Plaintiff or FoxMind** | FoxMind Canada Enterprises Ltd. |
| **Defendants** | Chongqing Caspar Import & Export Trade Co., Ltd., Decai Silicone And Plastic Products Co., Ltd., Donggaun Lanxin Rubber Technology Limited, Dongguan Dechuangfeng Silicone Technology Co., Ltd., Dongguan Ebona Pet Products Co., Ltd., Dongguan Hengjia Silicone Products Co., Ltd., Dongguan Honey Silicone Gift Co., Ltd, Dongguan Jinyi Electronic Technology Co., Ltd., Dongguan Kaier Electronic Co., Ltd., Dongguan Lucky Goldjyx Company Limited, Dongguan Luxiang Plastic Products Co., Ltd., Dongguan Manhong Jewelry Co., Ltd., Dongguan Meiyu Plastic Products Co., Ltd., Dongguan Mito Technology Co., Ltd., Everich Commerce Group Limited, Foshan Justime Electronics Co., Ltd., Free Market Co., Ltd, Gaoyao Jindu Zhuoxing Silicone Product Factory, Global Bridge Industry Co., Ltd., Guangdong Yashite Industrial Co., Ltd., Guangzhou Beiyang Trading Co., Ltd., Guangzhou Chenxuan Home Supplies Co., Ltd., Gusu District Suli E-Commerce Service Department, Haining Ding Shang Socks Factory, Hefei Banbo E-Commerce Co., Ltd., Henan Ocean Power Housewares Co., Ltd., Huizhou Chinfai Electronic Co.Ltd., Huizhou Meka Technology Co., Ltd., Huizhou Melikey Silicone Product Co., Ltd., Huizhou Yuming Industrial Co., Ltd., Huizhou Yzora Industrial Co., Ltd., Hunt Tech (Dongguan) Company Limited, Maxwell (Shenzhen) Technology Ltd., Nanjing Maoled Information Technology Co., Ltd., Ningbo Beilun Happyfoam Craft Co., Ltd., Ningbo Belden Innovation Technology Co., Ltd, Ningbo Chiefhand Commodity Manufactory And Trading Company, Ningbo Giant Tiger Co., Ltd., Ningbo Haishu Mytex Textile Co., Ltd., Qingdao Pretty International Trade Co., Ltd., Quanzhou Jungle Wolf Technology Co., Ltd., Shanghai Bellasun Toy Co., Ltd., Shanghai |

Himmers Industrial & Trading Co., Ltd., Shangrao Actearlier Co., Ltd., Shantou Chenghai Longxiang Toy Industry Co., Ltd., Shantou Chenghai Qile Trade Co., Ltd., Shantou Qilong Toys Co., Ltd., Shenzhen Bellelibre Technology Co., Limited, Shenzhen Bluebert Electronic Co.,Ltd., Shenzhen Chengyu Technology Co., Ltd., Shenzhen Chenhong Gifts Co., Ltd., Shenzhen Effect Technology Co., Ltd., Shenzhen Funtec Co., Ltd, Shenzhen Gatereda Technology Co., Ltd., Shenzhen Guifeng Trade Co., Ltd., Shenzhen Huiyao Electric Technology Co., Ltd., Shenzhen Huiyunlai Technology Co., Ltd., Shenzhen Huwang Silicone Rubber Products Co., Ltd., Shenzhen Jewelives Technology Co., Ltd., Shenzhen Jinwei Gifts Co., Ltd., Shenzhen Jiuyou Technology Co., Ltd., Shenzhen Jorpad Technology Co., Ltd., Shenzhen Kaichuangtong E-Commerce Co., Ltd., Shenzhen Ketaili Technology Co., Ltd., Shenzhen King Lisa Technology Co., Ltd., Shenzhen Komioh Technology Co., Ltd., Shenzhen Konsda Technology Co., Ltd., Shenzhen Legenday Technology Co., Ltd., Shenzhen MengLai Electronic Commerce Co., Ltd., Shenzhen Merrycoo Industrial Co., Ltd., Shenzhen Mina Technology Co., Ltd., Shenzhen Missyou Technology Co., Ltd., Shenzhen Q UNCLE Technology Co., Ltd., Shenzhen Qianle Outdoor Products Co., Ltd., Shenzhen Smartibm Industry Co., Ltd., Shenzhen Supdriver Technology Co., Ltd., Shenzhen Taihexin Silicone Products Co., Ltd., Shenzhen Tenghui Cross Border E-Commerce Co., Ltd., Shenzhen Tianya International E-Commerce Co., Ltd., Shenzhen tuoshi Technology Co., LTD., Shenzhen UU First Technology Co., Ltd., Shenzhen Vbatty Technology Co., Ltd., Shenzhen Xi Xi Ha Ha Maoye Technology Co., Ltd., Shenzhen Yanuojie Technology Co., Ltd., Shenzhen Yaya Gifts Co., Ltd., Shenzhen Yeetch Supply Co., Ltd., Shenzhen Yiyixing Zipper Manufacture Co., Ltd., Shenzhen Yuan Feng Xing Ye Technology Co., Ltd., Shenzhen Zoho Silicone Products Co., Ltd., SZ Gteak Technology Co., Limited,

| | Wenzhou High And Long Co., Ltd., Wuhan Xingbo Technology Co., Ltd., Xiamen Goldcattle Plastic & Metal Products Co., Ltd., Xiamen Hinwell Manufacture and Trade Co., Ltd., Xiamen Kinggrand Silicone Rubber Products Co., Ltd., Yiwu City JO Toys Co., Ltd., Yiwu Easytown Import & Export Company Limited, Yiwu Elodie Jewelry Co., Ltd., Yiwu Jennifer Cosmetics Co., Ltd., Yiwu Jixu Import And Export Co., Ltd., Yiwu Juqi Trading Co., Ltd., Yiwu Kunsheng Trading Co., Ltd., Yiwu Lvye E-Commerce Firm, Yiwu Modu Trading Co., Ltd., Yiwu Nuoxin Craft Co., Ltd., Yiwu Quanfa Import & Export Company Limited, Yiwu Rich Toys Co., Ltd., Yiwu Rishun Zipper Co., Ltd., Yiwu Shanrun Trading Co., Ltd., Yiwu Showyun Import & Export Co., Ltd., Zhejiang Yinwu Craft Co., Ltd., Zhongshan City Hongfeng Craft & Adornment Factory and Zhongshan Fangyuan Silicone Products Co., Ltd. |
|---|---|
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **Capon Dec.** | Declaration of David Capon in Support of Plaintiff's Application |
| **Yamali Dec.** | Declaration of Danielle S. Yamali in Support of Plaintiff's Application |

| | |
|---|---|
| **Pop It Products** | A soothing tactile toy and smart bubble popping game designed to stimulate children's senses and develop logic and reasoning skills |
| **Pop It Mark** | U.S. Trademark Registration No. 6,183,005 for "POP IT!" for goods in Class 28 |
| **FoxMind Products** | A variety of toys and games that offer mind stimulating fun while developing reasoning skills, spatial logic and other skills associated with science, technology, engineering, and math (STEM) |
| **Counterfeit Products** | Products bearing or used in connection with the Pop It Mark, and/or products in packaging and/or containing labels bearing the Pop It Mark, and/or bearing or used in connection with marks that are confusingly similar to the Pop It Mark and/or products that are identical or confusingly similar to the Pop It Mark |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located |

| | in the U.S. or abroad) |
|---|---|
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHERAS, Plaintiff having moved *ex parte* on June 10, 2021 against Defendants for the following: 1) a temporary restraining order (or "TRO"); 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, on the same day, June 10, 2021, the Court entered an Order granting Plaintiff's Application for a TRO, which Order required Defendants to appear on June 24, 2021, at 2:00 p.m. to show cause why a preliminary injunction should not issue (the "Show Cause Hearing");

WHEREAS, on June 16, 2021, Plaintiff filed a letter requesting modification of the TRO;

WHEREAS, on the same day, June 16, 2021, the Court entered an Order, *inter alia*, extending the TRO and adjourning the June 24, 2021 Show Cause Hearing to July 9, 2021 (the "June 16, 2021 Order");

WHEREAS, on June 30, 2021, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, all papers filed in support of the Application, the June 16, 2021 Order on each and every Defendant;

WHEREAS, on July 8, 2021 at 2:00 p.m., Plaintiff appeared at the Show Cause Hearing, as well as attorneys purporting to represent Defendants Dongguan Honey Silicone Gift Co., Ltd, Dongguan Lucky Goldjyx Company

Limited, and Shantou Chenghai Longxiang Toy Industry Co., Ltd. appeared (collectively, the "Objecting Defendants").

## **ORDER**

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation as to all Defendants, with the understanding that further motion practice from the Objecting Defendants is forthcoming, and that issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

   a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

      i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Pop It Mark and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Pop It Mark;

      ii. directly or indirectly infringing in any manner Plaintiff's Pop It Mark;

      iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Pop It Mark to identify any goods or services not authorized by Plaintiff;

iv. using Plaintiff's Pop It Mark or any other marks that are confusingly similar to the Pop It Mark on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation,

exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

vii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

viii. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) above and 1(b)(i) through 1(b)(ii) and 1(c)(i) below.

b) Accordingly, the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other

records or evidence relating to the Defendants' User Accounts, Merchant Storefronts, Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

   iii. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) and 1(b)(i) through 1(b)(ii) above.

c) Accordingly, the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

   i. providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts;

   ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to the Defendants' User Accounts, Merchant Storefronts, Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion,

distribution, display, offering for sale and/or sale of Counterfeit Products; and

    iii. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii), 1(b)(i) through 1(b)(ii) and 1(c)(i) through 1(c)(ii) above.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

    a) within seven (7) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendants' Financial Accounts, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts, contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order, their respective officers, employees, agents, servants and attorneys and all persons in active concert or participation with any of them who receive actual notice of this Order shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts, User Accounts and Merchant Storefronts, including, but not limited to, documents and records relating to:

  i.   account numbers;

 ii.   current account balances;

iii.     any and all identifying information for Defendants and Defendants'
        User Accounts, including names, addresses and contact
        information;

iv.     any and all account opening documents and records, including, but
        not limited to, account applications, signature cards, identification
        documents, and if a business entity, any and all business
        documents provided for the opening of each and every of Defendants'
        Financial Accounts;

v.      any and all deposits and withdrawal during the previous year from
        each and every of Defendants' Financial Accounts and any and all
        supporting documentation, including, but not limited to, deposit
        slips, withdrawal slips, cancelled checks and account statements;

vi.     any and all wire transfers into each and every of Defendants'
        Financial Accounts during the previous year, including, but not
        limited to, documents sufficient to show the identity of the
        destination of the transferred funds, the identity of the beneficiary's
        bank and the beneficiary's account number;

vii.    any and all User Accounts and account details, including, without
        limitation, identifying information and account numbers for any and
        all User Accounts that Defendants have ever had and/or currently
        maintain;

viii.   the identities, location and contact information, including any and
        all e-mail addresses, of Defendants, their respective officers,

employees, agents, servants and all persons in active concert or participation with any of them;

ix.  the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts, a full accounting of Defendants' sales history and listing history under such accounts, and Defendants' Financial Accounts associated with Defendants' User Accounts; and

x.  Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Pop It Mark and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Pop It Mark.

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

i.  any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts

and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers;

ii.     the identities, location and contact information, including any and all e-mail addresses of Defendants;

iii.    the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

iv.     Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Pop It Mark and/or marks that are confusingly similar to, identical to and constitute an infringement of the Pop It Mark.

4. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by one of the following means:

a)      delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and

via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order to Defendants' e-mail addresses to be determined after having been identified by Alibaba pursuant to **Paragraph V(C)** of the TRO; or

b) delivery of a message to Defendants through the system for communications established by the Third Party Service Providers on their respective platforms, notifying Defendants that an action has been filed against them in this Court and providing a link to a secure website (such as NutStore or a large mail link created through Rmail.com) where each Defendant will be able to download a PDF copy of this Order.

5. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

6. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

b) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where AliPay.com Co., Ltd., Ant Financial Services will be able to download a PDF copy of this Order via electronic mail Mr. Di Zhang, Member of the Legal & Compliance Department – IP, at di.zd@alipay.com;

c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba will be able to download a PDF copy of this Order via electronic mail to Chloe He, Alibaba Group at chloe.he@alibaba-inc.com;

d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at customerservicemanager@payoneer.com and Edward Tulin, counsel for Payoneer Inc., at Edward.Tulin@skadden.com; and

e) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to PingPong Global Solutions Inc.'s Legal Department legal@pingpongx.com.

7. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of

them in violation of this Order may be considered and prosecuted as in contempt of this Court.

8. The $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

9. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

10. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

The Clerk of Court is directed to docket this corrected Order to replace the document currently docketed at docket entry 5.

Dated:    July 9, 2021          SO ORDERED.
          New York, New York

                                _Katherine Polk Failla_

                                HON. KATHERINE POLK FAILLA
                                UNITED STATES DISTRICT JUDGE